```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA

EXXON MOBIL CORPORATION                CIVIL ACTION

                                       NO: 08-4654 c/w
VERSUS                                 09-2756

DAYBROOK FISHERIES, INC.,              SECTION: "J"(2)
ET. AL.
```

### ORDER AND REASONS

Before the Court are (1) Defendant ComNav Marine Ltd.'s ("ComNav") **Motion for Summary Judgment (Rec. Doc. 166)** and supporting memorandum **(Rec. Doc. 193)** and (2) Defendant E.S. Ritchie & Sons, Inc.'s, ("Ritchie") **Motion for Summary Judgment (Rec. Doc. 168)** and supporting memorandum **(Rec. Doc. 191)**, as well as Plaintiff Exxon Mobil Corporation's ("Exxon") **Memoranda in Opposition (Rec. Docs. 181 and 185)** and Third-Party Plaintiffs Daybrook Fisheries, Inc., ("Daybrook") and Westbank Corporation's ("Westbank") **Memorandum in Opposition (Rec. Doc. 182).**

This case involves an allision between the F/V KITTIWAKE, managed and operated by Daybrook and owned by Westbank, and the fixed Grand Isle 18A Platform, owned and operated by Exxon. The

parties disagree over the cause of the allision and specifically whether the allision was caused by the KITTIWAKE's autopilot navigation system, manufactured by ComNav, and the autopilot's magnetic compass, manufactured by Ritchie.  ComNav and Ritchie argue that there is no evidence to indicate that the KITTIWAKE's autopilot and magnetic compass malfunctioned, and the allision was due to the negligence of the KITTIWAKE's captain and pilot.  On the other hand, Exxon, Daybrook, and Westbank argue that discovery is not complete, and the pilot's testimony that he never changed the coordinates on the autopilot indicate that a malfunctioning of the autopilot and magnetic compass at least partially caused the allision.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 588 (1986).

In this case, the Court finds that genuine issues of material fact regarding the cause of the allision still exist which preclude

summary judgment. Because discovery into this issue is still ongoing, ComNav and Ritchie's motions for summary judgment are premature. Accordingly,

**IT IS ORDERED** that ComNav and Ritchie's **Motions for Summary Judgment (Rec. Docs. 166 and 168)** are **DENIED**.

New Orleans, Louisiana, this 3rd day of May, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE